## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | Case No. 21-CR-314 RAW |
| v. | |
| **BRENDA BURDUE SAVAGE,** | |
| *Defendant.* | |

## UNITED STATES' MOTION TO EXCLUDE THE TESTIMONY OF DEFENSE EXPERT REBECCA MILLER

**COMES NOW** the United States of America, by and through Christopher J. Wilson, Acting United States Attorney for the Eastern District of Oklahoma, and Matthew P. Mattis, Trial Attorney, United States Department of Justice Organized Crime & Gang Section, and Chad W. McHenry, Trial Attorney, United States Department of Justice Organized Crime & Gang Section, move to exclude the testimony of defense expert Rebecca Miller and strike her testimony provided at the November 15 hearing due to the defendant not providing a copy of Ms. Miller's expert report pursuant to Federal Rules of Criminal Procedure 26.2.

### I.  FACTUAL BACKGROUND

Brenda Burdue Savage ("defendant") is currently scheduled for trial on December 7, 2021 on three counts:  (1) second degree murder in violation of Title 18 United States Code Sections 1111(a), 1151, and 1152; (2) use of a firearm during and in relation to a crime of violence – second degree murder  in violation of Title 18, United States Code, Section

924(c)(1)(A); and (3) causing the death of a person in the course of a violation of Title 18 U.S.C. 924(c) in violation of Title 18, United States Code, Section 924(j).

On January 30, 2019, at approximately 12:30 a.m., the defendant was drinking at the Valley Inn bar in McAlester, Oklahoma.   Darla Stevens, the bartender described the defendant's starting demeanor at the bar as "aggressive" but not intoxicated.  Stevens opined the defendant was under the influence of another substance.  While at the bar, the defendant engaged three other bar patrons in conversation, Patrick Dunlap, Bart Jameson ("victim") and Truman Kenieutubbe.

Shortly before 2:00 a.m. the defendant left the bar with Dunlap.  All four- Dunlap, the defendant, Kenieutubbe and the victim -had been drinking at the Valley Inn.  Truman and the victim left the bar to purchase more beer, while Patrick Dunlap drove the defendant to his house in the defendant's car.  After they purchased beer, the victim and Kenieutubbe returned to Dunlap's house where all four continued to drink.

At some point the defendant showed the three men her gun.  After a brief discussion, one, or two of the males unloaded the firearm and left it in the kitchen.  However, not long after 2:00 a.m. the defendant shot the victim one time.  The victim sustained one gunshot to his chest and fell to the ground.  At approximately 2:13 a.m., Police responded to the scene based on a 911 call by Patrick Dunlap.

When law enforcement arrived, they noticed that Dunlap, Kenieutubbe, and the defendant appeared intoxicated.  Without being questioned, the defendant stated she shot the victim, and he would not need an ambulance because he was dead.

2

On October 7, 2021, the Government sent via Federal Express a first production of discovery and requested reciprocal discovery pursuant to Fed. R. Crim. Proc. 16(b) and 26.2. On October 30, 2021, the Government sent via Federal Express a second production of discovery and again requested reciprocal discovery pursuant to Fed. R. Crim. Proc. 16(b) and 26.2.

On November 1, 2021, counsel for the defendant and the Government had a Fed. R. Crim. Proc. 16.1 discovery conference.  Defense counsel indicated that the defendant had an expert and that the Government may already be in possession of that report.   On November 1, 2021, the Government sent over an expert report by Richard Ernest, a Forensic Ballistic Consultant and inquired via email if this was indeed the report referenced by the defense.  Defense counsel confirmed that this was the expert report he referenced in the Rule 16 conference.

On November 8, 2021, pursuant to the Court's order, the Government noticed one expert. On that same date, the defendant noticed three experts; one of whom being Rebecca Miller, RN, and Nurse Practitioner, and a sexual assault nurse examiner with the YWCA of Oklahoma City.  (ECF 46).  Although the defense emailed the Government curriculum vitaes for the three experts, there were no summary of Ms. Miller's anticipated testimony nor for the third expert, David Ballard.  There were also no reports for Ms. Miller or Mr. Ballard[1].  Accordingly, on November 9, 2021, the Government emailed counsel for the defendant requesting a written summary of the defense experts' expected testimony.  The

---

[1] The Government is in possession of the report and curriculum vitae of Richard Ernest via the District Attorney file obtained in this case.

Government also requested any reports relating to the two defense experts.

On November 12, 2021, counsel for the defendant emailed the Government that he had been out of the office, but he would have the expected testimony to the Government that afternoon and that he would send over expert reports as soon as he received them. Defense counsel commented that with respect to the expert reports, they were probably ready, but that counsel had not had contact with the experts that week.

On November 14, 2021, defense counsel emailed the Government the anticipated defense expert testimony. Ms. Miller was described as a SANE nurse with over 8 years' experience working with law enforcement and prosecutors in sexual assault cases. It further noted that Ms. Miller has received training in identifying cases where "date rape" drugs have been administered. Among the described topics of Ms. Miller's anticipated testimony, one would be an explanation of what a date rape drug is, why such a drug would be given to an individual, and what the effects are of such a drug. The Government was not provided a copy of Ms. Miller's expert report.

On November 15, 2021, Ms. Miller testified before the Honorable United States Magistrate Judge Steven P. Shreder as part of the Defendant's motion to suppress statements for lack of voluntariness. During the direct and cross-examination of Ms. Miller, she testified that she believed the defendant had given narcotics the night of the murder. Ms. Miller testified that she had never been qualified as an expert in United States District Court and during the times she had previously testified, her testimony related to her observations from exams she had conducted. Finally, Ms. Miller testified that she had a draft version of a report with her.

In open court, during the cross examination of Ms. Miller, the government made a request for the report pursuant to Fed. R. Crim. Proc. 16 and 26.2.  Counsel for the defendant alleged that the defendant had never made a request for discovery pursuant to Rule 16 (despite the Rule 16.1 conference held on November 1, 2021, referenced above).  The Court inquired if the defendant would provide the Government with the report after redacting any privileged information, to which counsel for the defendant agreed.  The Court agreed to this course of action.  As of this filing of this motion the Government has not received a copy of any report by Ms. Miller.  Accordingly, the Government requests that Ms. Miller's prior testimony be stricken pursuant to Federal Rules of Criminal Procedure 26.2(e).

Based on the summary of Ms. Miller's testimony provided by the defense, as well as her testimony on November 15, 2021, the Government moves to preclude testimony by Ms. Miller as irrelevant pursuant to Fed. R. Evid. 702.  Ms. Miller's testimony is irrelevant as (1) there is no evidence of sexual assault in this case; (2) voluntary intoxication is not a defense to second degree murder and hence any opinion given that the defendant lacked the specific intent to commit this crime would not assist the trier of fact understanding the evidence or determine a fact at issue; and (3) assuming *arguendo* that "involuntary intoxication" is a defense, Ms. Miller lacks the expertise to opine on this topic.

## II.   <u>ARGUMENT</u>

At the motions hearing, counsel for the defendant elicited testimony from Ms. Miller, that the defendant was involuntarily intoxicated because she had been unknowingly dosed with a "date rape" drug.  Ms. Miller opined that based on her training and experience,

the body camera and Valley Inn bar videos she watched, Valley Inn bar patron statements, and her interview with the defendant, the defendant's behavior was consistent with an individual on a date rape drug and alcohol.

Federal Rules of Evidence 702 states:

> [A] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Ms. Rebecca Miller fails on all points and therefore should be excluded from testifying at trial.

a.   *There is no relevant testimony to be provided by a SANE nurse in this matter.*

There is no evidence of sexual assault in this case and thus no opinion she could offer.  From the officers' body worn camera video the defendant makes numerous statements to the police the morning of the shooting both at the crime scene and later at the McAlester police department booking area.  At no point does the defendant make any statements regarding an issue that could fall within Ms. Miller's expertise as a SANE nurse. Further, neither Truman Kenieutubbe, Patrick Dunlap, nor any of the individuals who observed the parties at the Valley Inn made any statements providing a scintilla of evidence that a sexual assault or date rape drug was at issue in this case.   Consequently, Ms. Miller's testimony would not assist the trier of fact of understanding the evidence in the case.

*b.     Voluntary intoxication is not a defense.*

What the evidence does suggest is that while in restroom of the Valley Inn, the defendant may or may not have taken something that could exacerbate the effects of the alcohol she consumed the evening of the murder.  Voluntary intoxication is not a defense to either second degree murder or voluntary manslaughter.  Even assuming arguendo that Ms. Miller is qualified to testify as to intoxication levels- it would be irrelevant to charges at hand.

"The crimes of second degree murder (18 U.S.C. § 1111) and voluntary manslaughter (18 U.S.C. § 1112) do not require a specific intent (willful, deliberate, malicious and premeditated), as distinguished from a general intent to kill." See *United States v. Soundingsides*, 820 F.2d 1231, 1242 (10th Cir. 1987) (holding it was not error to instruct the jury that intoxication does not negate the type of intent needed for second degree murder).  The Tenth Circuit has also held "Indeed, expert testimony on intoxication would be irrelevant, if not entirely improper, in relation to general intent crimes such as second degree murder and voluntary manslaughter where intoxication is no defense." *United States v. Hatatley*, 130 F.3d 1399, 1405 (10th Cir. 1997) citing to *United States v. Sands*, 968 F.2d 1058, 1064 (10th Cir. 1992).  There is evidence that the defendant was drinking beer the night of the shooting; video from both the Valley Inn bar and police officer body worn camera video document the defendant drinking beer.  There is also evidence that the defendant may have voluntarily taken another substance.  Because voluntary intoxication is not a defense to either second-degree murder, or its lesser-included

offense voluntary manslaughter, there is no pertinent testimony that Ms. Miller could contribute.  Accordingly, Ms. Miller should be excluded.

        c.     *If "involuntary intoxication" is a defense, Ms. Miller lacks the expertise to render any opinion in relation to it.*

The defendant seeks to elicit testimony from Ms. Miller that the defendant was involuntarily intoxicated due to being dosed with a "date rape" drug.  Presumably, the defendant then will argue, pursuant to her proposed involuntary intoxication jury instruction, that the defendant is not guilty of the charged crimes.  However, it is questionable whether involuntary intoxication is even a viable federal defense, and if it is, Ms. Miller lacks the qualifications, training or expertise to testify on this area.

The defendant submitted a proposed jury instruction on the defense of "involuntary intoxication." (ECF 44, p. 29 of 34).  There is no Tenth Circuit instruction on "involuntary intoxication," accordingly, the defendant cites to two cases in support:  *United States v. Bindley*, 157 F.3d 1235 (10th Cir. 1998) and *Sallahdin v. Gibson*, 275 F.3d 1211 (10th Cir. 2002).  Both are distinguishable and do not support the jury instruction proposed by the defense of involuntary intoxication.

In *Bindley*, the court denied a defense instruction of involuntary intoxication where the defendant smoked a marijuana cigarette and argued that it must have been laced with an unknown substance.  *United States v. Bindley*, 157 F.3d 1235, 1241-1242 (10th Cir. 1998).  *Salladhin* was a petition for writ of habeas corpus where the petitioner argued, *inter alia*, where the court interpreted petitioner's claim of steroid use by him as raising an involuntary intoxication defense.  *Salladhin v. Gibson*, 275 F.3d 1211, 1236 (10th Cir. 2002).  In

rejecting petitioner's argument, the court analyzed numerous state court holdings and noted that under the state court decisions, that involuntary intoxication was a defense there, when a defendant was so intoxicated to cause them unable to distinguish between right and wrong, akin to an insanity defense. *Id.* at 1236.

Both cases are distinguishable and do not support the defendant's requested instruction. First, although in *Bindley* the defendant voluntarily used an illicit substance, different from here where the defendant drank alcohol, there is no independent evidence that supports the conclusion that the defendant's intoxication was due to anything other than alcohol and perhaps another substance taken by her in the Valley Inn bar. Second, *Salladhin* is a writ of habeas corpus wherein the 10th Circuit is reviewing a state court conviction based upon state law. But, even at the state level, the court notes that for an involuntary intoxication instruction to be appropriate, there must be evidence that a defendant was so intoxicated make them unable to distinguish between right and wrong. No such evidence is present here.

However, assuming arguendo that involuntary intoxication is a proper defense in the Tenth Circuit, Ms. Miller lacks the qualifications to opine on this. At best Ms. Miller is a SANE nurse who is qualified to give opinions based upon forensic sexual assault examinations conducted by her in that capacity. Here, the defendant asks to qualify Ms. Miller as an expert in the differences in intoxication levels based upon one recent conversation with the defendant and watching videos of events that transpired nearly three years prior. The defendant seeks to have Ms. Miller provide testimony that the defendant's mental state as so impaired as to rise to essentially, a defense of insanity.

Consequently, Ms. Miller both lacks the qualifications to testify to whether the defendant's actions were as a result of a specific substance or substances.  Further, she lacks a sufficient level of expertise to opine on whether the defendant lacks the requisite mental state to differentiate right from wrong.  Thus, she should be precluded from testifying.

## III.        <u>CONCLUSION</u>

As Ms. Miller's opinions will not assist the jury in understanding the evidence or determining a fact at issue, the Government respectfully requests her testimony be excluded and that her testimony on November 15, 2021 be stricken.

Respectfully submitted,

CHRISTOPHER J. WILSON
Acting United States Attorney

___/s_Matthew P. Mattis_____
Matthew P. Mattis
California Bar #225047
Trial Attorney
U.S. Department of Justice
Organized Crime & Gang
Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to:

Jacob Reynolds, Counsel for Defendant
Blake Lynch, Counsel for Defendant
Brecken Wagner, Counsel for Defendant

s/ Matthew P. Mattis
Matthew P. Mattis
Trial Attorney
