IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BRENDA BURDUE SAVAGE,<br><br>*Defendant*. | Case No. CR-21-314-RAW |

## ORDER

Before the court is the Defendant's motion to continue the trial date in this case [Docket No. 89] and the Government's objection thereto [Docket No. 91]. Defense counsel informs the court that their expert Richard Ernest is unavailable to testify during the week of December 13, 2021, as he will be testifying in a homicide trial in Maryland that week. Defense counsel contacted the Government and was informed that it does not object to a continuance to the January docket, so long trial as is set the week of January 10, 2022. Defense counsel states that Mr. Ernest is testifying in another homicide trial in Florida that week.

Defense counsel does not inform the court as to what date they wish this case to be continued, which is somewhat perplexing given their insistence at the pretrial conference that this case proceed to trial as soon as possible because a speedy trial is very important to their client and her physical safety. Defense counsel does not inform the court of whether the Defendant now wishes to delay her trial and/or waive her speedy trial rights. In any event, defense counsel states that the testing Mr. Ernest performed provides exculpatory evidence and his testimony is critical to a fair trial in this case.

The Government objects to the motion and informs the court that it is prepared to proceed to trial on December 13, 2021. The Government states that it made its best efforts to accommodate the defense, and that other than the current trial setting or January 10, 2022, any other date in December 2021 or January 2022 would create a conflict with the calendars of one or both of the Government's trial counsel. The Government further informs the court that the Defendant's motion to continue is the first it is hearing that there is a conflict with its proposed date of January 10, 2022, as the defense did not follow up with the Government to work out a new date.

At the outset, the court notes that while defense counsel's recitation of the procedural facts are technically correct, their implication that they were surprised by the December 13, 2021 trial date is disingenuous. The Defendant is represented by three attorneys who have appeared in a number of cases in this district. They are or should be well-aware of this court's practice of setting all trials on the first day of the trial docket and then giving a date certain for jury selection and evidence on the day of the pretrial conference or soon thereafter. Moreover, at the pretrial conference on November 18, 2021, the court informed the parties that if it determined this case was prepared for trial,[1] it would tentatively or at least possibly set this case on December 13, 2021. Defense counsel gave no indication that this trial date would be an issue. Defense counsel state that they recently learned of Mr. Ernest's conflict, but give no indication if this was before or after the pretrial conference.

---

[1] Considering the pending motions in this case, including the Defendant's motion for *Jackson Denno* hearing on the admissibility of the Defendant's statements [Docket No. 30] and motion for conduct taint hearing and to dismiss the Indictment or in the alternative to suppress the testimony of law enforcement and collected evidence [Docket No. 37] and the impending Report and Recommendation (R&R) thereon, the court was not convinced this case was ready for trial. The R&R was filed on November 19, 2021. Responses and/or objections thereto are due December 3, 2021, and have not yet been filed.

As stated previously, defense counsel has not provided the court with a proposed trial date. Continuing restrictions due to the COVID-19 pandemic safety protocols and the voluminous *McGirt v. Oklahoma* caseloads have caused colossal conflicts for counsel and the courts, making it increasingly difficult to accommodate schedules and set trials. The defense has not offered the court any solutions, but requests a continuance without reference to any specific date(s) that might accommodate both parties.

Given the foregoing, especially defense counsel's representation to the court at the pretrial conference that a speedy trial is very important to the Defendant and her physical safety and that she has no intention of waiving her right thereto, in its discretion,[2] the court hereby DENIES WITHOUT PREJUDICE the Defendant's motion to continue the jury trial [Docket No. 89]. The Defendant may re-urge her motion with a supplement no later than noon on Monday, December 6, 2021 with the following: (1) whether the Defendant wishes to delay her trial pending the availability of Mr. Ernest on a date that is also feasible for this court and counsel for both parties; (2) proposed dates in January or February that Mr. Ernest might be available at the

---

[2] The court abuses its discretion only if a denial of a motion to continue is "arbitrary or unreasonable and materially prejudiced the [defendant]." *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990). Whether a denial of a motion for continuance is arbitrary or unreasonable depends on a number of factors, including:
> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*Id*. (citation omitted). The court has examined these factors, and with the information it has, finds that a denial of the motion is not arbitrary or unreasonable. As to the first factor, unless the defense was informed of the conflict with Mr. Ernest after the pretrial conference, they were not diligent. As to the second factor, it appears Mr. Ernest has as busy a schedule as the court and counsel, and the defense has provided no alternative dates that might be feasible for everyone, so the court is not convinced a continuance would accomplish the purpose underlying the Defendant's expressed need. As to the third factor, a continuance would be a rather immense inconvenience to all parties as well as the court. As to the fourth factor, the defense has given the court conflicting priorities that the court cannot prioritize for the Defendant.

same time as counsel for both parties; and (3) a waiver of her speedy trial rights signed by the Defendant. Defense counsel shall also provide to the court for *in camera* review the names of the cases and courts in which Mr. Ernest will be testifying during the weeks of December 13, 2021 and January 10, 2022.

    **IT IS SO ORDERED** this 2nd day of December, 2021.

                                                **THE HONORABLE RONALD A. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**
                                                **EASTERN DISTRICT OF OKLAHOMA**