IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BRENDA BURDUE SAVAGE,<br><br>*Defendant*. | Case No. CR-21-314-RAW |

## ORDER

This action arises from the death of Bart Jameson on or about January 30, 2019. The Indictment charges the Defendant with: (1) second degree murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152; (2) use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) causing the death of a person in the course of a violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j)(1). The Indictment also include a forfeiture allegation.

Before the court is the Government's motion to exclude the testimony of defense expert Rebecca Miller filed on November 18, 2021 [Docket No. 71]. Ms. Miller is a SANE nurse with experience working with law enforcement and prosecutors in sexual assault cases. The Government was informed of her anticipated expert testimony regarding "date rape" drugs, including her training in identifying cases where such drugs were administered, what they are, why they would be given to an individual, and the effects of such a drug.

The Government argues that after requests for discovery pursuant to Rule 16 and even after defense counsel agreed in open court before the United States Magistrate Judge to provide

Ms. Miller's expert report, the Government has yet to receive any report by Ms. Miller. The Government further argues that Ms. Miller's testimony would be irrelevant in this case because (1) there is no evidence of sexual assault, (2) voluntary intoxication is not a defense to second degree murder,* and (3) Ms. Miller lacks the expertise to opine on involuntary intoxication.

On November 19, 2021, the Defendant filed under seal Ms. Miller's two-page CV and her eight-page report and opinion. Docket No. 83-1. The Defendant filed her response on November 26, 2021. The defense argues that Ms. Miller's testimony is relevant because she viewed hours of recorded evidence to understand how the Defendant's behavior changed during the times in question and interviewed the Defendant to determine things that she remembered from that night to find common identifiers of being drugged or identify if there was an opportunity to be drugged. The defense intends to use Ms. Miller's testimony to show that the Defendant was at least possibly involuntarily intoxicated with a date rape drug at the time of the shooting.

Ms. Miller report shows that her testimony may be relevant in determining whether the Defendant was involuntarily intoxicated. The court agrees that this case is distinguishable from *United States v. Bindley*, 157 F.3d 1235 (10th Cir. 1998). In that case, the defendant testified that his illegal marijuana cigarette had likely been laced with another drug. The Tenth Circuit held that he could not argue involuntary intoxication "because, by voluntarily choosing to smoke the marijuana cigarette, any resulting intoxication (whatever that may have been) was likewise voluntary." *Id*. at 1243. Here, the Defendant does not argue that her legally consumed drink was already laced with anything. She intends to present testimony that Patrick Dunlap, Truman Kenietubbe, and Bart Jameson may have drugged her.

---

* The Government is correct that voluntary intoxication is not a defense to second degree murder. *See United States v. Headman*, 594 F.3d 1179, 1188 (10th Cir. 2010).

The Government's motion [Docket No. 71] is DENIED.

**IT IS SO ORDERED** this 10th day of January, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**