IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BRENDA BURDUE SAVAGE,<br><br>*Defendant*. | Case No. CR-21-314-RAW |

**ORDER**

This action arises from the death of Bart Jameson on or about January 30, 2019. The Indictment charges the Defendant with: (1) second degree murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152; (2) use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) causing the death of a person in the course of a violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j)(1). The Indictment also include a forfeiture allegation.

Before the court is the Defendant's motion for *Jackson v. Denno* hearing and to suppress the Defendant's statements [Docket No. 30] and motion for taint hearing and to dismiss the Indictment or in the alternative to suppress the testimony of law enforcement and collected evidence [Docket No. 37]. Also before the court is the United States Magistrate Judge's Report and Recommendation (R&R) filed on November 19, 2021, recommending that the motions be denied, except as to the requests for hearings, which the Magistrate Judge held on November 15,

2021 [Docket No. 78].  The Government filed a supplement on the same date as the filing of the R&R,[1] but no responses or objections to the R&R have been filed.

**Motion for *Jackson v. Denno* hearing and to suppress the Defendant's statements:**

As the Magistrate Judge pointed out, the Defendant was not in custody at the time of her statements and there was no police action at all, much less "coercive police action."  While the Defendant was intoxicated, she was not interrogated, and freely made the statements.  As she voluntarily spoke without interrogation by an officer, her Fifth Amendment rights are not an issue, and the statements are admissible.  *Miranda v. Arizona*, 384 U.S. 436, 478 (1966) ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."); *Cardenas v. Hartley*, 448 Fed. Appx. 826, 828 (10th Cir. 2011) ("Further, merely because Mr. Cardenas was intoxicated and distraught . . . does not undermine the voluntariness determination based upon the totality of the circumstances."); *United States v. Muniz*, 1 F.3d 1018, 1022 (10th Cir. 1993) ("The state of intoxication does not automatically render a statement involuntary.  The test is whether the person's will was overcome, or whether the statement was freely made.") (citations omitted); *United States v. Guerro*, 983 F.2d 1001, 1004 (10th Cir. 1993) ("While the defendant's mental condition is an important consideration, to find a statement involuntary, the police must somehow overreach by exploiting a weakness or condition known to exist.").  For the reasons stated in the R&R, the motion for *Jackson v. Denno* hearing and to suppress the Defendant's statements [Docket No. 30] is DENIED, except as to the hearing, which was held on November 15, 2021.

---

[1] The court has reviewed and considered the supplement and exhibits thereto relating to an investigation in 1995 by Don Hass, one of the five officers on the scene.

**Motion for taint hearing and to dismiss the Indictment or in the alternative to suppress the testimony of law enforcement and collected evidence:**

At the hearing before the Magistrate Judge, the Defendant withdrew her motion to suppress the video evidence, as she plans to use it at trial. Instead, she seeks either a dismissal of the Indictment or an adverse jury instruction, although she concedes that dismissal is unlikely. The Defendant argues that the law enforcement officers committed investigative errors and allowed evidence to be contaminated and/or not be collected at all. To establish that she was deprived of due process, the Defendant "must show both that 1) the evidence destroyed was potentially exculpatory and 1) the government acted in bad faith in destroying it." *United States v. Beckstead*, 500 F.3d 1154, 1158 (10th Cir. 2007). "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

The Magistrate Judge determined that while the video evidence was not immediately evident as exculpatory, the Defendant established that the evidence was potentially useful. The Magistrate Judge then separately addressed the five factors found in *United States v. Ray*, 899 F.3d 852, 864-65 (10th Cir. 2018)[2] as to the body camera evidence and as to the collection of evidence at the scene, and determined that the officers did not act in bad faith. Because the Defendant failed to establish bad faith on the part of the law enforcement officers, the Magistrate Judge found that she is not entitled to dismissal of the Indictment or an adverse inference

---

[2]   We consider five factors when determining whether the government destroyed or lost evidence in bad faith: (1) whether the government was on notice of the potentially exculpatory value of the evidence; (2) whether the potential exculpatory value of the evidence was based on more than mere speculation or conjecture; (3) whether the government had possession or the ability to control the disposition of the evidence at the time it learned of the potential exculpatory value; (4) whether the evidence was central to the government's case; and (5) whether there's an innocent explanation for the government's failure to preserve the evidence.
*United States v. Ray*, 899 F.3d 852, 864–65 (10th Cir. 2018).

instruction. The court agrees. For the reasons stated in the R&R, the motion for taint hearing and to dismiss the Indictment or in the alternative to suppress the testimony of law enforcement and collected evidence [Docket No. 37] is DENIED, except as to the hearing, which was held on November 15, 2021.

The Report and Recommendation [Docket No. 78] is hereby affirmed and adopted as this court's Order.

**IT IS SO ORDERED** this 12th day of January, 2022.

**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**