IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINITFF,<br>vs.<br><br>BRENDA BURDUE SAVAGE<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)  Case No. 21-CR-00314-RAW<br>)<br>)<br>)<br>)  |

## MOTION TO REVOKE PRETRIAL DETENTION ORDER

**COMES NOW** Defendant Brenda Burdue Savage, by and through her counsel of record Jacob T. Reynolds of Wagner and Lynch, to move this court to revoke the pretrial detention order issued by Magistrate Judge Steven P. Shreder, for the following reason:

## PROCEDURAL HISTORY

1. On November 28th, 2021, the Defendant was indicted on the current three-count indictment, which included a Second-Degree Murder allegation and two allegations under 18 U.S.C. 924(c).

2. The Defendant promptly surrendered herself and was arraigned on October 5th, 2021.

3. On October 8th, 2021, a detention hearing was held before Magistrate Judge Steven P. Shreder. In this hearing, the United States, represented by AUSA Matthew Mattis presented argument that a rebuttable presumption against



bond exists, largely due to the 924(c) allegations. On that date, Judge Shreder entered an order for detention pending trial, which he checked 18 U.S.C. 924(c) has the reason ordering detention (ECF Doc. 24).

4. On November 17th, 2021, the Defendant filed her first motion which addressed the applicability of the 924(c) enhancements in the Defendant's Objection to Proposed Jury Instructions (ECF Doc. 68).

5. On November 18th, 2021, a Pretrial Conference was held. At this conference, counsel for the Defendant Jacob T. Reynolds informed the Court of the issues involving the Government's 924(c) allegations.

6. On November 23rd, 2021, the Government responded to the Defendant's objection, urging this court to adopt a recent holding of the District Court of the Northern District of Oklahoma.

7. The Defendant has remained in pretrial confinement throughout the duration of these proceedings.

## ARGUMENT

At this time, the Defendant is being held in pretrial detention based upon the Government's incorrect legal analysis. The Eight Amendment of the United States Constitution protects citizens against excessive bail, and it is understandable that this carries over to legally inconsistent charging schemes that work to deny bail. The Defendant understands that under certain conditions, the government and this court has an obligation to protect the public from certain defendants. However, before the incident that led to the Defendants indictment, she had never been

arrested or charged with any type of wrongdoing or negligence. She had an impeccable record of appearances during her State court proceedings on this matter and has been accused of no other wrongdoing in the years since her initial arrest.

Counts 2 and 3 of the indictment are only applicable to "crimes of violence." A crime of violence must be a specific intent crime, meaning the defendant specifically intended to use violence or threat of violence. *United States v. Armijo*, 651 F.3d 1226, 1235-36 (10th Cir. 2011) More specifically, "a crime with only reckless intent cannot be a crime of violence." *United States v. Checora,* 155 F. Supp. 3d 1192, 1198 (10th Circuit 2015). The 10th Circuit has long held that "Second-degree murder... is a general intent crime." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Circuit 2000). However, more recently, the 10th Circuit has taken a different approach to Second Degree Murder determining that the "four identified types of malice aforethought creates several types of second-degree murder." *United States v. Barrett,* 797 F. 3d 1207-1221 (10th Circuit 2015); *United States v. Chanthadara,* 230 F.3d 1237, 1258 (10th Circuit 2000). Because Second Degree Murder malice aforethought includes intent to kill or intent to do serious bodily injury, as well as depraved heart recklessness and felony murder, it is possible for Second Degree Murder to be either a crime of violence or a crime of recklessness, depending on the finding of the jury. *See Checora*, 155 F. Supp. 3d 1192, 1198-1200

If the Defendant is being held without bond due to counts 2 and 3 under 924(c), then the Defendant urges this court to revoke the magistrate judge's pretrial detention order and set reasonable bond conditions. If the Government still wishes

to pursue the charges under 924(c), then the Defendant prays that this court acknowledge that the Government intends to present a case that the Defendant intended to kill or seriously injure Bart Jameson, and that the allegations against the Defendant are not the result of Depraved-Heart Recklessness.

**WHEREFORE** the Defendant prays that this honorable court grant the relief requested for the reasons listed above.

Respectfully Submitted,

Jacob T. Reynolds, OBA# 34543
WAGNER& LYNCH LAW
109 East Washington Ave
McAlester, OK   74501
Phone (918) 421-8843
Attorney for Defendant