IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                )
                                         )
                                         )
                    PLAINITFF,           )
vs.                                      )
                                         )    Case No. 21-CR-00314-RAW
                                         )
BRENDA BURDUE SAVAGE                     )
                                         )
                    DEFENDANT.           )

## MOTION IN LIMINE: "CONFESSION" AND JAIL CALL

COMES NOW Defendant Brenda Burdue Savage, by and through her counsel of record Jacob T. Reynolds of Wagner and Lynch, to move this court to consider the following motion in limine for the upcoming jury trial.

### 1. "Confession"

"A defendant cannot be convicted solely on the basis of an uncorroborated extrajudicial statement." *United States v. Wolfenbarger*, 696 F.2d 750, 752 (10th Cir. 1982) (citing *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963)). The requirement that the prosecution present corroborating evidence is "a vestige of a time when brutal methods were commonly used to extract confessions, sometimes to crimes that had not been committed." *United States v. Shunk*, 881 F.2d 917, 919 (10th Cir. 1989); Citing *United States v. Kerley*, 838 F.2d 932, 939 (7th Cir. 1988). The purpose is to prevent the conviction of an individual based on an unreliable confession. *Id.* "All elements of the offense must be

established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused." *Smith v. United States*, 348 U.S. 147, 156, 99 L. Ed. 192, 75 S. Ct. 194 (1954).

In this case, there is a body camera recorded utterance from the Defendant that the Government has categorized as a "confession." Through discovery, there has been no evidence presented that corroborates this utterance or the stories of the other suspects on the scene. In a close-range, indoor shooting, there has been no projectile recovered, bullet hole identified, blood splatter documented, or any other tangible evidence collected to corroborate the statements of any parties involved.

The relief sought is not outright exclusion of the statement of the Defendant, but to require the Government to present adequate corroborative evidence prior to the introduction of that statement. If the court finds this too constraining, then the Defendant prays that the prosecution be limited from referring to the spontaneous utterance as a "confession" until properly corroborated.

### 2. Jail call

On December 22, 2021, AUSA Matthew Mattis disclosed new discovery which contains a jail call from January 31st, 2019. That jail call depicts a conversation between the Defendant and her husband, held following her State court arraignment. This conversation includes the Defendant apologizing to her husband for having to dip into their life savings to set bond for her, amongst other

statements. The Defendant anticipates that the Government will attempt to use this jail call to further implicate guilt on the Defendant, likely by treating this call as a pseudo-confession or admission of guilt.

Federal Rule of Evidence 401 dictates that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. Irrelevant evidence is not admissible. F.R.E. 402.

This jail call lacks any probative evidence and is irrelevant. If presented to the jury, at most this court would be opening the door to allow jurors to speculate as to the meaning of the Defendant's conversation. The jury will be posed with the dilemma of determining why the Defendant is apologizing to her husband, and why she's scared about her future. This could be because an innocent woman with no criminal record has recently been charged with murder, or it could be, as the Government will argue, because a guilty woman has committed homicide and fears the repercussions.

However, either option is solely speculative. Her fear, remorse, or any other feelings lacks probative value before a jury that is solely assigned the task of determining guilt or innocence. In a sentencing hearing this evidence may be relevant, but it lacks any relevance at jury trial. The Defendant asks this court to exclude the admission of the recently discovered jail call in the upcoming proceedings.

WHEREFORE the Defendant asks this honorable court to consider her requests for relief on the above argued Motion *in Limine*, and grant relief consistent with the concepts of justice and fairness.

Respectfully Submitted,

Jacob T. Reynolds, OBA# 34543
WAGNER& LYNCH LAW
109 East Washington Ave
McAlester, OK   74501
Phone (918) 421-8843
Attorney for Defendant