IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>**BRENDA BURDUE SAVAGE,**<br><br>*Defendant.* | Case No. 21-CR-314 RAW |

### UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE

**COMES NOW** the United States of America, by and through Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma, and Matthew P. Mattis, Trial Attorney, United States Department of Justice Organized Crime & Gang Section, and Chad W. McHenry, Trial Attorney, United States Department of Justice Organized Crime & Gang Section, in opposition to defendant's second motion *in limine*, which requests the exclusion of Allison Blackwell's testimony at trial. [ECF 122].

### I.     BACKGROUND

The Government seeks to call Allison Blackwell as a witness to testify as to her personal observations from the Valley Inn Bar on January 29-30, 2019. The defense has been aware of the substance of Blackwell's observations since 2019. Pursuant to the Court's order for the filing of trial documents, Ms. Blackwell was listed as a witness in the government's amended witness list, filed on January 11, 2022 [ECF 101]. On January 28, at 5:06 pm CST, the defense filed its motion *in limine* to exclude Blackwell's testimony.

1

The defense made no effort to contact the government in an effort to come to an agreement on Blackwell's testimony and avoid motion practice on the eve of trial. The government therefore responds herein.

The government seeks to introduce Blackwell's personal observations from the night of the incident, that the defendant entered the restroom at the Valley Inn Bar, and after exiting was acting noticeably different, "messed up," or intoxicated. This is a proper lay opinion pursuant to FRE 701 that is relevant and probative to determining a fact at issue in this trial, namely, whether the defendant was voluntarily or involuntarily made intoxicated the night of the alleged crime. The government will not introduce statements wherein Ms. Blackwell opines in her "medical opinion" nor Blackwell's statement that the defendant was not "roofied."

On January 30, 2019 Ms. Blackwell provided a hand-written statement of her observations as part of the state investigation and prosecution of this incident. In the hand-written statement, Blackwell describes her observations of seeing the defendant go to the restroom approximately 20 minutes prior to the bar closing. Blackwell's statement described her opinion, based upon her observations, that the defendant was "messed up" after coming out of the bathroom, and prior to that point, in Blackwell's opinion, the defendant had been acting fine. The defense has had this statement since 2019. Further, this statement was included in the first discovery production on or about October 8, 2021, by the government in this federal prosecution.

On November 30, 2021, the government reached out to Ms. Blackwell. While speaking with the government during the November 30, 2021 contact, Blackwell expressed

her opinion that the defendant had not been "roofied." With the exception of using the term "roofied," the substance of Blackwell's November 30 statement is consistent with her January 30, 2019 statement. A non-Bates-numbered copy of Blackwell's November 30 statement was emailed to the defense on December 2, 2021. Then, on December 17, 2021, the government again produced a copy of Blackwell's November 30 statement; however this time the statement was Bates numbered.

On January 11, 2022, pursuant to the Court's order, the government filed its amended witness list [ECF 101]. Allison Blackwell was listed as witness number 7.

In preparing for trial the government contacted and spoke with Ms. Blackwell on January 19, 2022. Again, Blackwell described her opinion that the defendant acted "completely different" after returning from the bathroom the night of the incident, consistent with the statement she gave in 2019. Ms. Blackwell's January 19, 2022 statement was emailed to the defense on January 22, 2022.

Now, on the eve of trial, the defense moves to exclude the testimony of Allison Blackwell.

    **II.**    **ARGUMENT**

The government seeks to introduce testimony from Allison Blackwell regarding her observations of the defendant on January 29-30, 2019, at the Valley Inn Bar. These observations include that Ms. Blackwell saw the defendant go into the bathroom at the bar, and upon exiting the bathroom, the defendant was acting markedly different or "messed up." This is a proper lay opinion pursuant to FRE 701.

Federal Rule of Evidence 701 allows:

3

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Allison Blackwell's proposed testimony fits squarely within the four corners of Rule 701.  First, the proposed testimony is based upon her own perceptions.  Second, Blackwell's proposed testimony will assist the jury in determining a fact at issue, namely, whether the defendant was voluntarily or involuntarily intoxicated.  And finally, Blackwell's proposed testimony is not based upon scientific, technical, or other specialized knowledge.  Rather, Blackwell's testimony regarding intoxication is a proper area for lay opinion testimony.  *See Gaynor v. Atlantic Greyhound Corp.*, 183 F.2d 482, 485 (3rd Cir. 1950); *see also United States v. Denny*, 48 Fed. Appx. 732, 737 (10th Cir. 2002) (unpublished).

Accordingly, Ms. Blackwell's testimony regarding seeing the defendant enter the bathroom at the Valley Inn Bar, and Blackwell's opinion regarding the difference in the defendant's demeanor after exiting the bathroom, including whether the defendant was intoxicated, is proper lay opinion testimony and should be permitted.  *See U.S. v. Denny*, 48 Fed. Appx. 732, 737 (10th Cir. 2002) (unpublished) citing to *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995) (holding that the prototypical example of 701 evidence is the appearance of person to include emotion and intoxication.).

Further, the proposed testimony is neither speculative, impermissible hearsay, nor cumulative.  The proposed testimony is based upon Allison Blackwell's own perceptions from the evening of January 29-30, 2019 at the Valley Inn Bar.  Witness Darla Stephens

also observed the defendant go into the bathroom the evening of the incident, and Stevens also observed a change in the defendant's demeanor. Blackwell's testimony is not prejudicial, cumulative, nor will it waste time. The defense can cross-examine Blackwell (and Stephens) regarding their observations and lay opinions at trial.

Finally, the government's estimate for direct examination of Ms. Blackwell is 20 minutes. The estimate for the entirety of the government's case in this matter is 4 hours 5 minutes [ECF 101]. Consequently, any argument that Ms. Blackwell's testimony will unnecessarily delay the trial is without merit.

### III.  CONCLUSION

Testimony from percipient witness Allison Blackwell regarding her personal observations of the defendant's demeanor and state of intoxication after exiting the bathroom at the Valley Inn Bar on or about January 29-30, 2019 is proper lay opinion testimony. The government respectfully requests this Honorable Court deny the defendant's motion on this matter.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

　　/s_Matthew P. Mattis＿＿
Matthew P. Mattis
California Bar #225047
Trial Attorney
U.S. Department of Justice
Organized Crime & Gang Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to:

    Jacob Reynolds, Counsel for Defendant
    Blake Lynch, Counsel for Defendant
    Brecken Wagner, Counsel for Defendant

                                              s/ Matthew P. Mattis
                                              Matthew P. Mattis
                                              Trial Attorney